RICHARD W. EPSTEIN (FLA. BAR NO: 229091)
**(Pro Hac Vice Admission)**
Richard.Epstein@gmlaw.com
REBECCA F. BRATTER (FLA. BAR NO: 0685100)
**(Pro Hac Vice Admission)**
Rebecca.Bratter@gmlaw.com
GREENSPOON MARDER, P.A.
Trade Centre South, Suite 700
100 W. Cypress Creek Road, Suite 700
Ft. Lauderdale, FL 33309
954-491-1120
954-343-6958(facsimile)

ROBERT S. BOULTER (SBN 153549)
rsb@lb-attorneys.com
PETER C. LAGARIAS (SBN 77091)
rsb@lb-attorneys.com
LAGARIAS & BOULTER, LLP
1629 Fifth Avenue
San Rafael, California 94901-1828
Telephone: (415) 460-0100
Facsimile: (415) 460-1099

*Attorneys for Defendants*
*Global Client Solutions, LLC and*
*Rocky Mountain Bank and Trust*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| HEATHER NEWTON, individually and behalf of others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>AMERICAN DEBT SERVICES, INC., a California corporation; QUALITY SUPPORT SERVICES, LLC, a California limited liability company; GLOBAL CLIENT SOLUTIONS, LLC; ROCKY MOUNTAIN BANK AND TRUST; and DOES 1-100,<br><br>Defendants. | Case No: 3:11-cv-03228-EMC<br><br>CLASS ACTION<br><br>**BRENT HAMPTON DECLARATION IN SUPPORT OF GLOBAL CLIENT SOLUTIONS, LLC & ROCKY MOUNTAIN BANK & TRUST'S MOTION TO COMPEL ARBITRATION UNDER THE FEDERAL ARBITRATION ACT WITH INCORPORATED MEMORANDUM OF LAW** |

AFFIDAVIT OF BRENT HAMPTON

Pursuant to 28 U.S.C. § 1746, I, Brent Hampton, declare as follows:

1. I, Brent Hampton, am the General Counsel of Global Client Solutions, LLC ("Global"). As part of my responsibilities, I have direct personal knowledge of Global's business operations and procedures. I also have personal knowledge of the facts stated herein or through a review of records over which I have care, custody, and control. This Declaration is made in support of Global's and Rocky Mountain Bank and Trust's ("RMBT") Motion to Compel Arbitration in the above-styled matter.

2. Global is a limited liability company organized and existing under the laws of the State of Oklahoma.

3. Global is a financial and technology services company that specializes in payment processing solutions for traditional banks such as, in this case, RMBT which performs traditional banking functions such as facilitating Automated Clearing House ("ACH") transactions for account holders.

4. Global is considered a "Third Party ACH" Sender pursuant to National Automated Clearing House Association Rules.

5. Global processes ACH transactions that the bank, as the Originating Depository Financial Institution, executes for its account holders.

6. On or about September 24, 2009, Plaintiff Heather Newton executed and submitted to Global a Special Purpose Account Application (the "Application"). Her Application specified that funds would be debited from Newton's personal bank account with Bank of America. A true and correct copy of this Application is attached hereto as Exhibit A.

7. The Application incorporates by reference the Account Agreement and Disclosure Statement (the "Agreement"). A true and correct copy of Global's Account Agreement and Disclosure Statement during this time period is attached hereto as Exhibit B.

8. On or about September 4, 2009, Global mailed to Newton a Welcome Letter containing her account terms. This Letter also includes a copy of the Agreement A true and correct copy of the Welcome Letter is attached hereto as Exhibit C.

9. On or about September 8, 2009, Newton made her first deposit, from her Bank of America account, into her Special Purpose Account.

10. On or about September 17, 2009, Global received from Newton a second Application which purported to change the bank account specified for future debits from Bank of America to Golden One Credit Union. Again, this Application incorporated by reference the Agreement. And, from this point forward, all debits were made from Newton's Golden One Credit Union account. A true and correct copy of this second Application is attached hereto as Exhibit D.

11. Global, thus, was the processor for all transactions that Newton ("Newton") authorized on her Special Purpose Account at RMBT.

12. Global mailed Account Activity Statements to Newton on a monthly basis at the address provided to Global on her Applications. A true and correct copy of her last Account Activity Statement is attached hereto as Exhibit E.

13. The foregoing facts are known by me to be true, of my own personal knowledge. I am competent to testify to such acts, and would so testify if I appeared in court as a witness at the trial of this claim.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury and of the laws of the United States that the foregoing is true and correct.

*Brent Hampton*
Brent Hampton

Dated: November 7, 2011.

7294574 v1
7294516 v1