1  William R. Mitchell (SBN 101858)
   Justin M. Buhr (SBN 262861)
2  LOGAN RETOSKE LLP
   31351 Rancho Viejo Road, Suite 202
3  San Juan Capistrano, CA 92675
   Tel: 949-661-8610
4  Fax: 949-661-8611
   Email: bill@loganretoske.com
5

6  Attorneys for AMERICAN DEBT SERVICES
   and QUALITY SUPPORT SERVICES
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11  HEATHER L. NEWTON, individually and on )   Case No.: 3:11-cv-03228 EMC
    behalf of others similarly situated,       )
12                                             )
           Plaintiff,                          )
13                                             )   **DEFENDANT AMERICAN DEBT**
    vs.                                        )   **SERVICES, INC. AND QUALITY**
14                                             )   **SUPPORT SERVICES, LLC'S REPLY TO**
                                               )   **PLAINTIFF'S OPPOSITION TO MOTION**
    AMERICAN DEBT SERVICES, INC., a            )   **TO COMPEL ARBITRATION**
15  California corporation; QUALITY SUPPORT    )
    SERVICES, LLC, a California limited liability )
16  company; GLOBAL CLIENT SOLUTIONS,          )
    LLC; ROCKY MOUNTAIN BANK AND               )   DATE: January 27, 2012
17  TRUST; and DOES 1-100,                     )   TIME: 1:30 P.M.
                                               )   COURTROOM: 5
18         Defendants.                         )
                                               )
19                                             )
                                               )
20                                             )

21                    I.   **INTRODUCTION**

22      The Supreme Court has held that because the FAA reflects a "liberal federal policy favoring

23  arbitration agreements," "any doubts concerning the scope of arbitrable issues should be resolved in

24  favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24–25,

25  103 S.Ct. 927 (1983).

26      Plaintiff, Newton, voluntarily entered into a Debt Settlement Agreement (herein "Agreement")

27  with American Debt Service, Inc. ("American Debt"). Thereafter, she made payments as called for

28

**DEFENDANT AMERICAN DEBT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO COMPEL ARBITRATION**
-1-

based on the Agreement, thereby accepting its terms.  Plaintiff's claims clearly arise out of the Agreement and the alleged actions or inactions of Defendants as they pertain to duties under the Agreement.  The Agreement is a valid binding contract which contains an express, valid and enforceable arbitration provision. Furthermore, in as much as Plaintiff challenges the Agreement as a whole as invalid, this issue is for the arbitrator to decide, not the Court.  If the Court, however, chooses to analyze the arbitration provision, Supreme Court precedent makes clear that the provision is valid and enforceable. Therefore, the FAA controls Plaintiff's claims and they must be compelled to arbitration.[1]

## II.  THE ARBITRATOR DECIDES THE ENFORCEABILITY OF THE AGREEMENT

Because Newton challenges the validity of the Agreement as a whole, the arbitrator, not this Court, makes that determination. Federal law, as recognized in the Ninth Circuit, is quite clear: if the challenge to arbitration is that the contract containing an arbitration provision is "as a whole" unenforceable, then the issue regarding the contract's enforceability is for the arbitrator and not the court. *Buckeye Check Cashing v. John Cardegna,* 126 S.Ct. at 1204 (2006), 546 U.S. at 444; *Nagrampa v. MailCoups, Inc.,* 469 F.3d 1257, 1263-64 (9th Cir. 2006); *Sanford v. MemberWorks, Inc.,* 483 F.3d. 956, 963 (9th Cir. 2007).  Newton's Opposition makes clear that she claims the entire Agreement is unenforceable.

## III.  PLAINTIFFS ARGUMENTS AS TO THE LACK OF EXECUTION OF THE AGREEMENT BY PLAINTIFF ARE ENTIRELY UNAVAILING

Plaintiff entered into the Agreement and signed it through DocuSign. For Plaintiff to claim that the Agreement was not fully executed is disingenuous. Plaintiff argues that electronic signatures are valid only if certain requirements are met.  This argument fails as DocuSign is a company used nationally in all types of contractual agreements between companies and consumers, both large and

---

[1] The law is well settled that even claims arising under a statute may be arbitrated. *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79 (2000).

1    small, to effectuate binding contractual agreements. To use DocuSign equates to meeting the

2    requirements for a valid electronic signature.

3         The DocuSign signature process is as follows: (1) Documents are emailed from the company,

4    in this case to American Debt, to the client, Plaintiff; (2) The signer receives an email requesting to

5    sign online with DocuSign; (3) The signer clicks the link in the email to open the document for review

6    containing areas marked for the signer to execute; (4) The signer creates a signature through the

7

8    guidance of DocuSign and clicks the document to place their signature in the document; (5) Once

9    signers have signed in all the required places, DocuSign asks signers to confirm signing as the final

10    step and signers must click a button which says "Confirm Signing". Each signature is assigned an

11    identifying code, which appears on the Newton Agreement.

12

13         Essentially, for Plaintiff to claim that she did not execute the Agreement is the equivalent of

14    her sitting in a business office with the entire agreement in front of her and claiming that although she

15    signed the Agreement, it is not a valid signature. To say that the execution an Agreement in that

16    office setting is not valid would not carry the day and neither should Plaintiff's arguments in regards

17    to the validity of her electronic signature.

18

## IV. THE ARBITRATION CLAUSE IS NOT UNCONSCIONABLE AND IS ENFORCEABLE

19

20         Plaintiff, as the party opposing arbitration, has the burden of proving the arbitration provision

21    is unconscionable. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972, 64

22    Cal.Rptr.2d 843, 938 P.2d 903.) Unconscionability includes both substantive and procedural

23    elements.[3] (*Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1531, 60 Cal.Rptr.2d 138.) Under

24    California law, an agreement is enforceable unless it is both procedurally and substantively

25    unconscionable. *Lucas v. Gund, Inc.* (2007) 450 F.Supp.2d 1125 at 1130. Procedural

26    unconscionability addresses the manner in which agreement to the disputed term was sought or

27    obtained, such as unequal bargaining power between the parties and hidden terms included in

28

**DEFENDANT AMERICAN DEBT SERVICES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

contracts of adhesion. (*24 Hour Fitness, Inc. v. Superior Court* (1998) 66 Cal.App.4th 1199, 1212–1213, 78 Cal.Rptr.2d 533.) Substantive unconscionability addresses the impact of the term itself, such as whether the provision is so harsh or oppressive that it should not be enforced. (*Ibid.*)

### A.  The Arbitration Clause Is Not Procedurally Unconscionable As It Is Not Adhesive

The fact that an agreement is an adhesion contract does not necessarily render it unconscionable.  The Court noted in *Conception*, "the times in which consumers contracts were anything other than adhesive are long passed."  AT&T Mobility, LLC v. Concepcion, 131 S.Ct. at 1740 (2011),  131 S.Ct. at 1750.  An arbitration clause cannot be deemed unconscionable simply because it is contained within an adhesion contract.  That would violate Conception's prohibition against contract defenses that "derive their meaning from the fact that an agreement to arbitrate is at issue."  AT&T Mobility, LLC v. Concepcion, 131 S.Ct. at 1740 (2011), 131 S.Ct. at 1746. Regardless, the arbitration clause at issue here is not contained with an adhesion contract.

The service which Newton contracted for, debt settlement is discretionary.  By no means did Plaintiff have to use a debt settlement company.  Plaintiff made her own life choices which resulted in the accumulation of debt.  Based on that debt, Plaintiff made an independent decision to shop for debt settlement services to assist her with the debt she created.  Plaintiff called American Debt.  Out of the universe of debt settlement companies, Plaintiff chose to enter into an agreement with American Debt. Plaintiff could have chosen any one of the myriad of other debt settlement companies to provide this service.

American Debt is a small company.  As such, there is not a disparity in bargaining position between American Debt and Plaintiff.  Any argument Plaintiff makes in regards to disparity in bargaining position is nullified by the fact that the Agreement provided Plaintiff the right to rescind the Agreement.  If Plaintiff did not like the Agreement she voluntarily chose to enter into with American Debt, she could have canceled the Agreement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## B. The Arbitration Clause Is Not Invalid Due to Elements Of Surprise

Here, Plaintiff relies on the fact that the arbitration clause requires arbitration proceedings brought by Plaintiff to take place in Orange County, California. But American Debt and QSS are willing to arbitrate Plaintiff's claims in the area of her residence, Santa Clara, California. The Agreement contains a severability provision which states "if any of the provisions are held to be invalid or unenforceable, the remaining provisions will not be affected." Pursuant to this provision, the Court may invalidate or consider the arbitration venue provision unenforceable without affecting the Agreements remaining provisions.

## C. Court Has Discretion To Sever Any Unconscionable Aspects Of The Parties' Arbitration Agreement In Order To Effectuate The Parties' Agreement To Arbitrate

The cases in which Plaintiff relies recognize that refusing to sever is only appropriate where the "central purpose of the arbitration agreement is tainted with illegality. *Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.App.4th 83, 124 (2000); see also Little v. Auto Stiegle, Inc., 29 Cal.4th 1064, 1074 (2003). In contrast, where the unconscionable provisions are merely "collateral" to the main purpose of the arbitration agreement, then severance is proper wherever possible. *Armendariz,* 24 Cal.App.4th at 124. The law permits severance in these situations because severance serves two important goals. First, it prevents parties from gaining undeserved benefit or suffering undeserved detriment as a result of voiding the entire agreement, particularly where there has been partial performance. *Id.* At 123. And second, it attempts to conserve a contractual relationship "if to do so would not be condoning an illegal scheme." *Id.*

Plaintiffs do not address the "central purpose" of the arbitration agreement or the underlying goals of the severance doctrine, and their silence on these issues is telling. The arbitration agreement provides a process for the efficient, binding resolution of conflicts between parties. The particulars of

**DEFENDANT AMERICAN DEBT SERVICES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

how that arbitration will be carried out (e.g., costs, selection of arbitrator) are collateral to the core agreement to arbitrate and thus can be severed without violating this central purpose. *See e.g., Guiterrez v. Autowest,* Inc., 114 Cal.App.4th 77, 92 (2003) (severing provisions of arbitration agreement because "the main purpose of the arbitration agreement was not to regulate costs, but to provide a mechanism to resolve disputes.").

Plaintiffs also misconstrue the Armendariz court's discussion of permeation, arguing that the presence of more than one unconscionable provision is cause to invalidate the arbitration agreement in its entirety. Contrary to Plaintiffs' suggestion, there is no bright-line rule preventing this Court from severing more than one provision and enforcing the parties' core agreement to arbitrate their disputes. *See e.g., Lucas,* 450 F.Supp.2d at 1134 (enforcing arbitration agreement after severing multiple provisions).

If the Court believes that portions of the arbitration clause are unconscionable those portions of the clause may be severed. Here, nothing suggests that the agreement was drafted with the purpose of depriving individuals the right to litigate their claims and the agreement is mutual as it is binding on both parties and nothing in the agreement attempts to limit the legal remedies of the consumer. The arbitration clause states that AAA rules shall govern and these are rules were carefully drafted by AAA to ensure fairness to all parties. If any portions of the arbitration clause are deemed unconscionable and must be severed what will remain is a fair and reasonable agreement to arbitrate. Accordingly, substantive unconscionabitlity does not permeate the Agreement.

## V. QUALITY SUPPORT SERVCES, LLC CAN ENFORCE THE ARBITRATION AGREEMENT EXECUTED BETWEEN PLAINTIFF AND CO-DEFENDANT AMERICAN DEBT SERVICES, INC.

Plaintiff alleges that each of the Defendants acted as an agent, representative or employee of the other named Defendants and acted within the scope of that agency, representation or employment. *See Complaint ¶ 27.* It is further alleged that when acting as an agent of another Defendant, each

1  Defendant carried out a joint scheme making the acts of each Defendant legally attributable to the

2  other Defendant and that each Defendant ratified the wrongful actions of each other. *See Complaint*

3  ¶¶ 28, 30.

4

5       Plaintiff simply cannot allege that ADS and QSS are alter egos of one another and

6  simultaneously claim that QSS may not compel arbitration based on the contract entered into between

7  Plaintiff and ADS as "a signatory to an arbitration clause may be compelled to arbitrate against a

8  nonsignatory when the relevant causes of action rely on and presume the existence of the contract

9  containing the arbitration provision. [Citation.] In other words, a plaintiff who relies on the

10  contractual terms in a claim against a nonsignatory may be precluded from repudiating the arbitration

11  clause in the contract. [Citation.]" *Rowe v. Exline,* 153 Cal.App.4th (2007) 1276, 1286-1287. Because

12  the plaintiff's statutory claims against the individual defendants "rel[ied] upon, ma[d]e reference to,

13  presume[d] the existence of, and [were] intertwined with the Agreement," the plaintiff was equitably

14  estopped from refusing to arbitrate those claims under the agreement's arbitration provision. (*Id.* at p.

15  1287.)

16

17       Plaintiff's claims against QSS are subject to arbitration based on the contract entered into

18  between ADS and Plaintiff. The argument that QSS is not a party to the contract is not compelling as

19  Plaintiff has alleged that QSS and ADS are alter egos of one another and as such, QSS, effectively, *is*

20  the corporation. By suing [the individual defendants] for breach of the Agreement on the ground that

21  they are [the corporate defendant]'s alter egos, and even alleging in the complaint that [the individual

22  defendants] entered into the Agreement, [the individual defendants] are 'entitled to the benefit of the

23  arbitration provisions.' [Citation.]" (*Id.* at p. 1285.)

24

25       Furthermore, Newton raises no claims against QSS that do not arise out of the services to be

26  provided in the Agreement. Plaintiff alleges in her Complaint "that the 'Welcome Packet' came from

27  Defendant Quality Support Services ("QSS"), and that all her subsequent contacts, purportedly with

28

**DEFENDANT AMERICAN DEBT SERVICES, INC.'S REPLY TO PLAINTIFF'S**
**OPPOSITION TO MOTION TO COMPEL ARBITRATION**

1  employees of ADS, were actually with employees of QSS." *See Complaint* ¶ 36. Therefore, Newton

2  cannot argue that QSS is not entitled to enforce the Agreement provisions, as Newton is asserting

3  claims against QSS specifically based upon and because of the alleged actions of QSS in conjunction

4  with the terms of the Agreement. Courts within the Ninth Circuit routinely hold that non-signatories

5  sued because of a contract (containing an arbitration provision) are entitled to enforce the contract and

6  arbitration provisions.[2]  In such cases, the "arbitration clause applies to all defendants."[3]

7

8  Therefore, QSS must be allowed to enforce the arbitration clause contained in the Agreement as

9  entered into between Plaintiff and American Debt.

10  **A.  American Debt Services, Inc. and Quality Support Services, LLC may enforce the
        arbitration clause in the contract between Plaintiff, Global and Rocky Mountain**

11

12  Based on the allegations of Plaintiff, which claim Defendants are alter egos of one another, it

13  follows that, should the Court decline to enforce the arbitration clause entered into between American

14  Debt and Plaintiff, the Court must allow American Debt and QSS to enforce arbitration according to

15  the arbitration clause in the contract entered into between Global and Rocky Mountain. Plaintiff has

16  alleged that all Defendants are alter egos of one another. Therefore, following the argument as

17

18  outlined in the section above, American Debt and QSS, even as nonsignatories to the contract between

19  Global and Rocky Mountain can enforce the arbitration clause contained in the contract between those

20  parties and Plaintiff.

21  **VI.  PLAINTIFF'S EVIDENTIARY OBJECTIONS DO NOT RENDER DEFENDANTS'
        EVIDENCE INADMISSIBLE FOR THE PURPOSE OF THIS MOTION**

22

23  On a motion to compel arbitration, the court applies a standard similar to the summary

24  judgment standard applied under Rule 56 of the Federal Rules of Civil Procedure. *Concat LP v.*

25  *Unilever, PLC,* 350 F.Supp.2d 796, 804 (N.D.Cal.2004) (citing *McCarthy v. Providential Corp.,* No.

26  _____
    [2] *See e.g. Estrella v. FreedomFinancial,* No. C 09-03156 SI, 2011 WL 2633643, at *4 (N.D. Cal. Jul.
27  5, 2011).

28  [3] *Estrella,* 2011 FL 2633643, at *5

**DEFENDANT AMERICAN DEBT SERVICES, INC.'S REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO COMPEL ARBITRATION**
-8-

1  C 94–0627, 1994 WL 387852, at *2 (N.D.Cal. July 19, 1994)). Under Rule 56, "[a] party may object

2  that the material cited to support or dispute a fact cannot be presented in a form that would be

3  admissible in evidence." Fed.R.Civ.P. 56(c)(2). "[T]o survive summary judgment, a party does not

4  necessarily have to produce evidence in a form that would be admissible at trial, as long as the party

5  satisfies the requirements of Federal Rules of Civil Procedure 56." *Fraser v. Goodale*, 342 F.3d 1032,

6  1036–37 (9th Cir.2003) (quoting *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir.2001))

7  (internal quotation marks omitted). Even if the nonmoving party's evidence is presented in a form that

8  is currently inadmissible, such evidence may be evaluated on a motion for summary judgment so long

9  as the moving party's objections could be cured at trial. *See Burch v. Regents of the Univ. of Cal.*, 433

10  F.Supp.2d 1110, 1119–20 (E.D.Cal.2006).

## VII.   AMERICAN DEBT SERVICES WILL HAVE THE STATUS OF AN ACTIVE CORPORATION BY THE TIME OF TRIAL

Generally, a court should not consider new evidence offered in reply without giving the non-moving party an opportunity to respond to the new evidence. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996). The declaration of Graziano is offered in response to arguments that Plaintiff raised for the first time in her Opposition, and that in such circumstances it is entitled to submit affidavits that controvert these newly asserted statements of fact. *See Pestube Sys., Inc. v. Hometeam Pest Defense*, LLC, No. CV 05–2832, 2007 WL 973964, at *5 (D.Ariz. Mar. 30, 2007) ("Although these affidavits were not disclosed in Plaintiff's opening Motion to the Court, it appears that the affidavits are not being offered as new evidence, but rather to controvert certain statements of fact submitted by Defendant."); *E.E.O.C. v. Creative Networks, LLC*, No. CV–05–3032, 2008 WL 5225807, at *2 (D.Ariz. Dec. 15, 2008) (holding that a moving party's evidence submitted in reply is properly considered when the evidence "rebut[s] arguments first raised by [the non-moving party] in its opposition"); *Mintun v. Peterson*, NO. CV06–447–S, 2010 WL 1338148, at *27 (D.Idaho Mar.30, 2010).

The declaration of Graziano is offered to give the Court assurance that American Debt will have and maintain the status of an active corporation within the State of California by the time of this hearing. Also, Plaintiff submitted evidentiary objections to the declaration of Mitchell in regards to the authentication of the Agreement. If the Court does not find the argument above compelling in regards to Plaintiff's evidentiary objections, Defendants offer the declaration of Graziano as President of American Debt to authenticate the Agreement. The Agreement, as attached to Plaintiff's reply by the declaration of Graziano is a fully executed version of the Agreement as to both parties. Plaintiff argued in their Opposition that the Agreement is not enforceable as it was not executed by American Debt. Defendants offer the fully executed Agreement to controvert Plaintiff's comment.

DATED: January 17, 2012                    **LOGAN RETOSKE,** LLP


By          /s/ *William R. Mitchell*
            William R. Mitchell
            Justin M. Buhr
            Attorneys for Defendant, AMERICAN DEBT
            SERVICES, INC. and QUALITY SUPPORT
            SERVICES, LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**LOGAN RETOSKE, LLP**

By: ___*/s/ Andrea Daub*___
        Andrea Daub

**DEFENDANT AMERICAN DEBT SERVICES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**
-11-