UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER L NEWTON,<br><br>          Plaintiff,<br><br>     v.<br><br>AMERICAN DEBT SERVICES, INC, et al.,<br><br>          Defendants. | Case No.  11-cv-03228-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING**<br><br>Docket No. 322 |

The Court has reviewed Plaintiff's motion for preliminary approval.  Having reviewed the motion, the Court hereby orders the parties to provide a joint supplemental brief regarding the following issues.  **The supplemental briefing shall be filed no later than December 7, 2015.**

1. Attorneys' Fees

Plaintiffs are asking for a fee award of 46% of the total settlement fund.  Plaintiffs should provide specific, non-conclusory information as to why a departure from the 25% benchmark is appropriate (*e.g.*, how the issues in this case were particularly difficult, complex, or novel).  *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002).  To assess the fee request, even for purposes of preliminary approval only, the Court is in need of information as to the lodestar claimed – *i.e.*, the number of hours incurred in the case and the hourly rates claimed.  Plaintiffs' attorneys shall file with this Court, *ex parte* and under seal, one (1) declaration that states the total number of hours worked on this litigation, and which breaks the number of hours down by task (*e.g.*, "Initial Case Investigation," "Settlement Negotiations and Mediation," etc.).  Counsel shall attach their actual time records to the declaration.  The declaration and associated records shall be filed with the Court no later than **December 7, 2015.**  The parties should also ensure that the fee motion is filed and available on the Class Administrator's website at least twenty-one (21) days before objections to the proposed settlement are due.

### 2. Second Amended Complaint

Based on the allegations of the Second Amended Complaint, Plaintiffs demanded "an additional award of $5,000 for each class member who is a senior citizen or disabled person as defined in subdivisions (f) and (g) of Civil Code section 1761." Docket No. 206, Second Amended Complaint, Prayer for Relief ¶ 6. The parties should provide the Court with information as to how many class members are elderly and/or disabled.

### 3. Release of Claims

Under the settlement agreement, Plaintiffs and the class release all claims under section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Cal. Civ. Code § 1542; Settlement Agreement § I. A19.

Plaintiffs should cite an authority to address the Court's concern as to whether the release under the Settlement Agreement is not overly broad.

### 4. Exclusion

Plaintiff's Motion for Approval of Class Action Settlement states that "[i]t is not planned that Class Members will be given a second opportunity to exclude themselves." Docket No. 322 at 13. Plaintiffs should explain why the parties are foreclosing this opportunity.

### 5. Responses to Objections from Class Members

If the parties have any responses to objections from class members, the parties should file their responses fourteen (14) days before the hearing.

### 6. CAFA Notice

The parties should address when CAFA notice was given. *See* 28 U.S.C. § 1715(b).

### 7. Class Notice (Exhibit 1 of Settlement Agreement)

#### a. Terms of the Settlement

On the first page of the notice, there should be a short statement regarding the average recovery per class member. It must be bolded.

      b.      <u>Attorneys' fees</u>

On the first page of the notice, there should be a short statement regarding the attorneys' fees. The attorneys' fees should be in bold.

      c.      <u>Release</u>

The terms of release must be included in the notice.

      d.      <u>Options</u>

Section "Your Rights and Options" lays out the options for class members. That section should instruct class members who wish to exclude themselves from the settlement to send a letter to the settlement administrator, setting forth their name and a statement that they request exclusion from the class and do not wish to participate in the settlement.

      e.      <u>Contact Information for the Claims Administrator</u>

The parties should provide additional contact information for the Claims Administrator – *e.g.*, an e-mail address and a fax number.

      f.      <u>Instructions on How to Access PACER</u>

The parties must include detailed, easy to understand instructions on how to access the case docket via PACER.

      g.      <u>Section 5</u>

The parties must remove the sentence that states "The Class Representative and the attorneys think the settlement is best for everyone who paid fees to the Defendants."

      h.      <u>Section 12</u>

The parties must remove the sentence that states "[y]ou do not have to do anything now if you want to keep the possibility of getting money from this lawsuit."

**IT IS SO ORDERED**.

Dated: November 30, 2015

_____
EDWARD M. CHEN
United States District Judge

3