Tavy A. Dumont (CSB #244946)
LAW OFFICE OF TAVY A. DUMONT
101 Cooper Street, Suite 223
Santa Cruz, CA  95060
Telephone: (831) 288-0714
Facsimile: (831) 515-5013
tavy.dumont@dumontlaw.com

William E. Kennedy (CSB #158214)
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, CA 95050
Telephone: (408) 241-1000
Facsimile: (408) 241-1500
wkennedy@kennedyconsumerlaw.com

Attorneys for Plaintiff
HEATHER L. NEWTON and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HEATHER L. NEWTON, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN DEBT SERVICES, INC., et al,<br><br>    Defendants. | **Case No.:  3:11-cv-03228  EMC**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND JUDGMENT**<br><br>Hearing Date: June 30, 2016<br>Hearing Time:  1:30 p.m.<br>Room:  Courtroom 5, 17th Floor<br>Action filed:  June 29, 2011<br>Trial date:  Vacated |

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, AND JUDGMENT     CASE NO. 3:11-CV-03228 EMC

## I. **INTRODUCTION**

Before the Court is Plaintiff Heather L. Newton's unopposed Motion for Final Approval of Class Action Settlement. Docket No. 344.

On June 9, 2015, on a contested motion for class certification, the Court certified a class in this matter. Docket No. 313. On September 9, 2015, Plaintiff and Defendants Global Client Solutions, LLC ("Global") and Rocky Mountain Bank & Trust ("RMBT") (all, "the Parties") reached a settlement in private mediation with the Honorable Rebecca Westerfield. See Docket No. 322, p. 6, ll. 26.27. On November 12, 2015, Plaintiff filed her Motion for Preliminary Approval of Class Action Settlement, along with the Settlement Agreement and Release between Plaintiff Heather L. Newton and Defendants Global Client Solutions, LLC and Rocky Mountain Bank & Trust ("Settlement Agreement"). Docket Nos. 322, 323-1. On November 30, 2015, the Court ordered supplemental briefing as to certain issues relating to the settlement, ordered certain changes to the parties' proposed Notice of Settlement, and ordered Plaintiff to file under seal her attorneys' time records to support a lodestar calculation. *See* Docket No. 330. In response, the Parties filed a joint supplemental brief and revised proposed Notice of Settlement. Docket No. 331. Plaintiff also submitted a declaration attaching her attorneys' time records, with an Administrative Motion to File under Seal. Docket No. 332. The Court held a hearing on preliminary approval on December 17, 2015, and on January 15, 2016 granted Plaintiff's Motion for Preliminary Approval of the Settlement; approved the form, content and manner of Notice of Settlement; and approved CPT Group as Administrator for all aspects of the settlement. Docket No. 336.

In determining that the settlement merited preliminary approval, the Court previewed the factors that ultimately will determine final approval, as set out in *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004): (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement. The Court found that the first, second, fourth, fifth and sixth factors weigh in favor of approval, the third factor is neutral, the seventh

factor is inapplicable and, because notice of settlement had not yet been given at that time, it was too early to evaluate the eighth factor, the reaction of class members to the proposed settlement. Docket No. 336, pp. 7-9.

CPT Group disseminated the approved Notice of Settlement on February 15, 2016. Docket No. 345, Skey Declaration, at ¶ 7. The deadline for objection was 90 days later, Docket No. 336, p. 12, ll. 6-7, and thus has passed. CPT Group received no written objections to the settlement. Docket No. 345, Skey Declaration, at ¶ 11. The Court received no objections to the settlement.

Now, having carefully considered Plaintiff's Motion for Final Approval of Class Action Settlement, and the Settlement Agreement,

IT IS HEREBY ORDERED THAT:

1. Pursuant to this Court's class certification order of June 9, 2015 (Docket No. 313), the Class has been defined as:

> All consumers in California who paid QSS directly, or indirectly through ADS, for debt settlement services during the four years preceding filing of the complaint, who opened a Special Purpose Account with RMBT to be administered by Global, and did not receive a full refund of all fees and charges paid to all Defendants.

2. For the reasons stated above and in the Court's Order of January 15, 2016 preliminarily approving the settlement, the Court finally approves the Settlement Agreement set forth in the November 12, 2015 Motion for Preliminary Approval of Class Action Settlement, Docket No. 322. The Court finds the settlement negotiations were conducted at arms-length and in good faith among counsel for the Parties, and that the terms of the Settlement Agreement are in all respects fair, reasonable, and adequate as to each of the Parties and the Class Members, and are consistent and in compliance with all requirements of Due Process and California law, as to, and in the best interests of, each of the Parties and the Class Members.

3. No Class Members have filed timely requests for exclusion. The Class Members who did not timely request exclusion are bound by this Final Order and Judgment and by the Settlement Agreement, including the releases provided for in this Final Order and Judgment and in the Settlement Agreement.

4. The Notice of Settlement and the notice methodology that was implemented pursuant to the Settlement Agreement and this Court's January 15, 2016 Order constituted the best practicable notice

1  under the circumstances.  The notice provided due, adequate and sufficient notice of the settlement
2  approval proceedings and of the matters set forth in the proposed settlement, to all persons entitled to
3  receive notice, and constituted notice reasonably calculated to apprise Class Members of their right to
4  object to the proposed settlement and to appear at the Final Approval Hearing.  The notice fully
5  satisfied the requirements of the Rule 23(e) of the Federal Rules of Civil Procedure, all applicable
6  requirements of due process and California law, and the January 15, 2016 Order of this Court.

7  5. The Court finds that Plaintiff's Counsel and Plaintiff adequately represented the Class
8  Members in this litigation.

9  6. The Settlement Agreement and this Final Order and Judgment shall be binding on, and have
10 res judicata and preclusive effect in, all pending and future lawsuits or other proceedings encompassed
11 by the Release in the Settlement Agreement, maintained by or on behalf of Plaintiff and all other
12 members of the Class.

13 7. Plaintiff Heather L. Newton and the Class Members, on behalf of themselves, their heirs,
14 executors, administrators, predecessors, successors and assigns, have released and forever discharged
15 the Released Parties from the Released Claims (as both those terms are defined in the Settlement
16 Agreement), and as to the Released Parties shall be forever barred from instituting, maintaining, or
17 prosecuting any action on the Released Claims.

18 8. Global and RMBT, on behalf of themselves, their heirs, executors, administrators,
19 predecessors, successors and assigns, have released and forever discharged the Plaintiff, Class
20 Members, and their attorneys from, and shall be forever barred from instituting, maintaining, or
21 prosecuting, any claims for fees, costs, indemnity or contribution.

22 9. Each and every term of the Settlement Agreement shall be binding upon, and inure to the
23 benefit of, Plaintiff and the other Class Members, Global and RMBT, and any of their successors and
24 personal representatives (in their capacities as such), which persons and entities are intended to be
25 beneficiaries of the Settlement Agreement.

26 10. The Parties shall be deemed to have agreed that the releases set forth in the Settlement
27 Agreement will be and may be raised as a complete defense to and will preclude any action or
28 proceeding based on the Released Claims, as that term is defined in the Settlement Agreement.

11. None of the above releases includes releases of claims to enforce the terms of the Settlement Agreement.

12. The Court approves a class representative services award of $7,500 to Plaintiff Heather L. Newton, and an award of attorneys' fees of $348,091, and costs of $19,409, as set forth in Plaintiff's Motion for Attorneys' Fees, Costs and Service Award, Docket No. 337.

13. Not later than fifteen (15) days after the Effective Date, as that term is defined in the Settlement Agreement, Defendants Global Client Solutions, LLC and Rocky Mountain Bank & Trust shall forward $375,000.00 to the Administrator for restitution payments to the Class Members designated in Exhibit 2 to the Settlement Agreement. Not later than forty (40) days after the Effective Date as that term is defined in the Settlement Agreement, the Administrator shall distribute the payments to the Class Members by first class mail. Pursuant to the terms of the Settlement Agreement, the Administrator shall distribute the $375,000 *pro rata* to each of the Class Members, including Class Representative Heather L. Newton, according to the dollar amount each Class Member paid in fees to all defendants combined, which dollar amounts are listed in Exhibit 2 to the Settlement Agreement.

14. To the extent that any part of the $375,000.00 in class relief cannot be distributed, by reason that the Class Member cannot be located using the procedures described in the Settlement Agreement, or because the refund checks provided to Class Members are not negotiated within 90 days of mailing, or for any other reason, the undistributed funds shall be donated, half to the Watsonville Law Center in Watsonville, California, and half to the Katherine and George Alexander Law Center in San Jose, California as *cy pres*.

15. Pursuant to the Settlement Agreement, Defendants Global Client Solutions, LLC and Rocky Mountain Bank & Trust shall pay for administration, class representative service award, and attorneys' fees and costs by delivering a check in the amount of $375,000.00, addressed to and payable to the Consumer Law Office of William E. Kennedy, not later than fifteen (15) days after the Effective Date. Within fifteen (15) days of receiving the check, Attorney Kennedy in turn will forward a service award payment of $7,500.00 to Class Representative Heather L. Newton, and distribute the approved attorneys' fees award of $348,091, and costs award of $19,409 among Plaintiff's Counsel.

1    16.  Pursuant to the Settlement Agreement, Defendants Global Client Solutions, LLC and Rocky Mountain Bank & Trust are jointly and severally responsible for payments of the sums ordered herein.

17.  This action is dismissed on the merits and with prejudice as to Defendants Global Client Solutions, LLC and Rocky Mountain Bank & Trust and this dismissal shall be without fees of costs to any party, except as otherwise provided herein and in the Settlement Agreement.  This action is dismissed without prejudice as to Defendants American Debt Services, Inc. and Quality Support Services, LLC.

18.  The Settlement Agreement and the settlement provided for therein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability by Global, and RMBT; provided, however, that reference may be made to this Settlement Agreement and the settlement provided for therein in such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement.

19.  The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions, and authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with this Final Order and Judgment and (ii) do not limit the rights of Class Members.

20.  Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court retains jurisdiction over Global, RMBT, the Plaintiff, and the Class Members as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the settlement and this Final Order and Judgment, and for any other necessary purposes.

This order disposes of Docket No. 344.

**IT IS SO ORDERED.**

Dated: July 1, 2016

Hon. Edward M. Chen
United States District Judge

*IT IS SO ORDERED*
*Judge Edward M. Chen*
*United States District Court*
*Northern District of California*

Page 5

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, AND JUDGMENT

CASE NO. 3:11-CV-03228 EMC